UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**CV 10 - 4332**

LEVI Y. STONE

**CLASS ACTION
COMPLAINT**

Plaintiff,

-against-

NORTHSTAR LOCATION SERVICES, LLC

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

JOHNSON,
CARTER, M.J.

SEP 23 2010

Defendants.

BROOKLYN OFFICE

---

## COMPLAINT FOR VIOLATIONS
## OF THE FAIR DEBT COLLECTION PRACTICES ACT

Plaintiff brings this action on his own behalf and on behalf of all others similarly situated for damages arising from the defendant's violation of §1692 *et seq.* of Title 15 of the United States Code, the Fair Debt Collections Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### Introduction

1.     This action seeks redress for the illegal practices of Defendant, concerning the collection of debt, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

### Jurisdiction and Venue

2.     This Court has Federal question jurisdiction under 28 U.S.C. § 1331.

3.     Venue is proper in this District because the acts and transactions that give rise to this action occurred, in substantial part, in this District.  Additionally, Plaintiff resides in this District.

4.     Plaintiff is a resident of the State of New York who resides in Kings County.

1

5.      Plaintiff is a "Consumer" as that term is defined by § 1692(a)(3) of the FDCPA in that the alleged debt that the defendant, sought to collect from Plaintiff is a consumer debt.

6.      Upon information and belief, defendant is engaged in debt collections within the state of New York and caused the collection letter complained of herein to be sent within the county of Kings, State of New York.

7.      Defendant is regularly engaged in the collection of debts allegedly owed by consumers.

8.      Defendants are "Debt Collectors" as that term is defined by § 1692(a)(6) of the FDCPA.

9.      Plaintiff received direct communications from defendant, in the form of an initial written notice.  Plaintiff in writing within 30 day thereafter disputed the debt.  In a letter dated September 15, 2010, the defendant wrote to the plaintiff confirming the amount owed.  Attached as Exhibit A is a redacted copy of the letter. Said letter constitutes an attempt to collect a debt.

## CLASS ACTION ALLEGATIONS

10.      Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of Plaintiff and all consumers and their successors in interest (the "Class") who have received debt collection notices and/or letters from the defendant as of one year prior to the filing up and until twenty (20) days from the date of the filing of Plaintiff's complaint, which attempted to satisfy the legal requirement of verification by enclosing documentation which failed to verify the debt and bore no relationship to the balance claimed to be owed,  and who the defendant

2

without any additional verification attempted to collect a debt from.  Plaintiff seeks to represent a second class consisting of all consumers with addresses located within the City of New York, who disputed a debt with the defendant and who the defendant continued to attempt to collect the debt from without first sending the consumer the documentation required pursuant to New York City law.  Excluded from the Class are the defendants herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendants, including, without limitation, persons who are officers, directors, employees, associates or partners of defendants.

11.     This action is properly maintained as a class action.  This Class satisfies all the requirements of Rule 23 for maintaining a class action.

12.     The Class is so numerous that joinder of all members is impracticable.  Upon information and belief, 40 or more persons have received debt collection notices from the defendant, which violate various provisions of the FDCPA.

13.     There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

      a.      Whether the defendant violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §1692g.

      b.      Whether Plaintiff and the Class have been injured by the defendant's conduct; and

      c.      Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of defendant's wrongdoing and, if so, what is the proper measure

and appropriate statutory formula to be applied in determining such damages and restitution.

14.    Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

15.    Plaintiff will fairly and adequately protect the interests of the Class and have retained experienced counsel, competent in the prosecution of class action litigation.

16.    A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

17.    A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

18.    Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate relief with respect to the Class as a whole.

## AS AND FOR A FIRST CAUSE OF ACTION

19.    Plaintiff re-alleges and incorporates herein by reference, all the foregoing paragraphs as if set forth fully herein.

20.    Upon information and belief, the collection letter is a form letter sent by defendant to the Plaintiff.

4

21.     Collection letters, such as those sent by defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

22.     Section 1692g requires the debt collector to cease collection activities where the consumer has timely disputed the debt in writing unless and until the debt collector sends verification of the deb to the consumer.

23.     Defendants violated § 1692g, by continuing to collect the debt without providing the consumer with verification.

24.     Defendant violated §§ 1692e and 1692f by continuing to collect a debt without giving the required verification pursuant to New York City law.

WHEREFORE, Plaintiff respectfully request that the Court enter judgment as follows:

a)      Declaring that this action is properly maintainable as a class action and certifying Plaintiff as Class representatives;

b)      Awarding Plaintiff and the class statutory damages;

c)      Awarding Plaintiff and the class costs of this action, including reasonable attorneys' fees and expenses; and

d)      Awarding Plaintiff and the class such other and further relief as the Court may deem just and proper.

5

Dated:  Cedarhurst, New York
        September 20, 2010

Plaintiff request trial by jury on all issues so triable.

Lawrence Katz
445 Central Avenue Suite 201
Cedarhurst, New York 11516
Telephone  (516) 374-2118
Facsimile   (516) 706-2404

6

Exhibit A

4285 Genesee Street
Cheektowaga, NY  14225-1943

RETURN SERVICE REQUESTED

NORTHSTAR
LOCATION SERVICES, LLC
1-866-328-8252
Hours Mon – Thurs   8AM – 11PM EST
Fri 8AM – 8PM EST
Sat 8AM – 4PM EST

September 15, 2010

LEVI Y STONE
1051 E 28TH ST
BROOKLYN NY 11210

Creditor: BANK OF AMERICA, N.A.
Account # ending in 3542
Original account # ending in 3542
Balance: $

Dear Ms. Stone:

Per your request, please find the enclosed information regarding the above notated account.

After you have reviewed this information, please contact us at 1-866-328-8252 to discuss payment options.  You may also visit our website at https://www.gotonls.com to make a payment.

Thank you for your attention to this matter.

Federal law requires that we inform you this communication is from a professional debt collector. This is an attempt to collect a debt.  Any information obtained will be used for that purpose.  New York City Department of Consumer Affairs license number 1179143.

Sincerely,

Northstar Location Services, LLC

